**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| MARIA VAZQUEZ, ) | |
| ) | COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| MRS ASSOCIATES, INC. ) | |
| KAREN BARNES ) | |
| ) | |
| Defendants ) | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here

**PARTIES**

4. Plaintiff Maria Vasquez is a natural person who resides in the City of Silver Spring, Montgomery County, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Defendant MRS Associates, Inc. (hereinafter "MRS") is a collection agency whose principal place of business is located 1930 Olney Avenue, Cherry Hill, NJ 08003, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Karen Barnes (hereinafter "Defendant Barnes") is a natural person who was employed at all times relevant herein by Defendant MRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

7. At some time, Plaintiff incurred financial obligation that were primarily for personal, family or household purposes and is therefore are "debts" as that term is defined by 15 U.S.C. § 1692a(5); namely, a personal American Express credit card.

8. By virtue of these debts, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3);

9. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

10. Beginning in late June or early July, 2012, Defendant Barnes began calling Plaintiff's friends Ms. Luzzette Rodriguez and Ms. Lourdes Vazquez, attempting to locate the Plaintiff.

11. Defendant Barnes was very rude to Plaintiff's friends and demanded Plaintiff's contact information.

12. On one such occasion, Ms. Rodriguez told Defendant Barnes that she did not know who Plaintiff was and attempted to end the conversation, due to Defendant Barnes's caustic tone,.

13. Defendant Barnes then threatened Ms. Rodriguez, saying that withholding Plaintiff's information was a crime and that she could be sent to jail.

14. Defendant Barnes then contacted Ms. Rodriguez and left a voicemail repeating the same warning about criminal sanctions.

15. On or about July 5, 2012, Defendant Barnes contacted Plaintiff and rudely attempted to coerce a payment from her.

16. Plaintiff told Defendant Barnes that she was undergoing financial difficulties and could only afford a $20.00 payment.

17. On or about July 9, 2012, Defendant Barnes contacted Ms. Rodriguez again (despite having already located the Plaintiff), and demanded that she provide Plaintiff's location information.

18. Ms. Rodriguez was scared by Defendant Barnes' threats and contacted the Plaintiff to find out what was going on.

19. Upset with Defendant Barnes' actions, Plaintiff contacted Defendant MRS and angrily berated them for calling her friends again.

20. All of the above-described collection communications made to Plaintiff and other third parties by Defendants MRS and Barnes were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(3), 1692c(b), 1692d, 1692d(2), 1692e, 1692e(5), 1692e(10), 1692f, amongst others.

## LEGAL APPLICATION

21. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant MRS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

22. The above-detailed pattern of conduct by these Defendants of harassing Plaintiff, and her friends, innocent third parties, in efforts to collect her debt constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

23. Due to these series of abusive collection calls by Defendant MRS and its employees, Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

24. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of the Plaintiff and caused her unnecessary personal strain in her relationship with her friends.

*Respondeat Superior Liability*

25. The acts and omissions of Defendant Barnes, who communicated with Plaintiff and various third parties as further described herein, were committed within the time and space limits of the former's agency relationship with her principal, Defendant MRS.

26. The acts and omissions by Defendant Barnes were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant MRS in collecting consumer debts.

27. By committing these acts and omissions against Plaintiff and the aforementioned innocent third parties, Defendant Barnes was motivated to benefit her principal, Defendant MRS.

28. Defendant MRS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

31. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

32. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 20th day of July, 2012

MARIA VAZQUEZ

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com